UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KIMBERLY FREEMAN, Plaintiff,

v. Civil Action No. 3:17-cv-782-DJH

COMMONWEALTH OF KENTUCKY *et al.*, Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Kimberly Freeman filed the instant *pro se* action proceeding *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I.**

Plaintiff filed her complaint on the Court-approved complaint form for filing a civil case (Docket No. 1). She lists the following Defendants: Commonwealth of Kentucky; "Kroger Mud Lane & Kroger Stores"; "City of Louisville & Local Businesses"; and "6506 Essex Ave. & Neighbors on Essex." As the basis for this Court's jurisdiction, Plaintiff indicates diversity of citizenship. Where the form asks for the basis of federal question jurisdiction, she states, "Retaliation, Discrimination." In the "Statement-of-Claim" section, Plaintiff states that she has experienced retaliation, discrimination, property damage, mail theft, fraud, and identity theft. As relief, she seeks, "For charges to be made. Appeal to be granted and lawsuit issued to defendants A Payout." She attaches a "Complaint Management System Report discrimination" form which she completed. It indicates that she was discriminated against at a Dollar Tree store.

Plaintiff filed nine motions to amend the complaint or documents which were docketed as amended complaints. For purposes of this initial screening, the Court has reviewed each purported amendment and will consider them as amendments. In the first amended complaint (DN 12), Plaintiff cites to Fed. R. Civ. P. 4 and refers to summonses, attaches a receipt for what appears to be postage stamps from the U.S. Postal Service, and names some existing Defendants and some new Defendants listed as follows: various location of Kroger stores; various locations of Walmart and Walmart Neighborhood stores; various locations of Dollar Tree stores; two locations of Cash America Pawn; J and M Pawn; "T-Mobile Stores in Louisville"; two Cricket Wireless locations; Verizon Wireless; "Time Warner Cable All locations"; "The Home Depo"; Winner Furniture; HH Gregg; Fenny Brothers Warrantec; Derby City Traders Flea Market; Best Buy Motors; United States Postal Service; "Choice Hotels and Wyndham Hotels"; US Bank; Taco Bell; "Louisville Free Public Library All Locations"; Sears Home Warranty; "Steak N Shake All locations"; Brittney Coleman; Kimberly J; Amber Pac; James Thomas; four addresses on Essex Avenue; and "4200 Lees Lane." The amended complaint states no new factual or legal claims against the listed Defendants. Therefore, the Court construes the filing as seeking to add or clarify the Defendants to this action.

Plaintiff filed a second amended complaint (DN 14), presumably against the same Defendants although not entirely clear, alleging "Discrimination, Retaliation case numbers submitted in evidence with letters of harassment, retaliation. My family was involved in this claim/case. . . . CPA, FTC, US Postal inspector, FBI, LMPD." She filed a third amendment (DN 15) naming as Defendants "6121 Greenwood Rd, Louisville, Ky 40258, P.O. Box 581864

Louisville, Ky 40268 Goolgle, gmail"[1] and alleging "violation of 'civil rights.' 1964 Act . . . Defendants have retaliated against me, discriminated against me. Harrassed me, Hacked several accounts, Mail, Email, Personal accounts, Phone." She seeks relief in the form of "relief of harrassment, relief of tampering with idenity and accounts. Releif of tresspassing defendants. Relief of fraud, vandalism mail theft, relief of breaking and entering, accounts, phone mail box. Relief of retaliation, discrimination." Plaintiff's fourth amended complaint (DN 19) names the Commonwealth of Kentucky, Days Inn, Red Roof Inn, Murphy USA, and the Louisville Free Public Library and alleges claims of retaliation and discrimination similar to those alleged previously. Her fifth motion to amend the complaint (DN 27) names Dollar Tree Stores; Cashier Tina; "Surrounding neighbors on Essex"; "Daytona Ave"; and "Lees Lane" and alleges similar claims as those alleged previously. Plaintiff's sixth, seventh, eighth, and ninth amended complaints (DNs 28, 36, 37, and 38) continue in the same vein, naming a variety of local businesses and making broad allegations of retaliation, discrimination, and harassment.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d at 608-09. On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*,

---

[1] The Court considers as named Defendants those listed in the case captions of Plaintiff's purported amendments. Due to the volume of filings by Plaintiff, the Court will not characterize the entirety of each filing but will attempt to summarize the necessary information for the purpose of initial screening.

561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting

4

*Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Upon the Court's review of the original complaint and each of the nine amendments, Plaintiff makes broad legal conclusions, such as discrimination and retaliation, against what appear to be businesses, locations, and individuals she encounters in her day-to-day activities. Nowhere in the complaint or amendments does she state factual allegations supporting her broad claims that, if accepted as true, state "'a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Plaintiff likewise fails to place any Defendants on notice as to the claim(s) against them. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544). The pleadings, therefore, do not present a sufficient factual basis to state a claim against any of the named Defendants, and they fail to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2).

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The complaint and amendments meet this standard, as well.

In addition to the motions to amend the complaint, Plaintiff also filed two criminal complaints. The first is purportedly against "CITI TRENDS CASHIER 4043805 V. Morris" (DN 25); and the second is purportedly against "Walmart Customer [illegible] Female Coffee isle" (DN 32). However, Plaintiff cannot file a criminal complaint in this Court. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."); *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986) ("Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors; whether to bring such a complaint is generally within the discretion of the prosecutor. This court does not have jurisdiction to order that a criminal complaint be filed."). Because Plaintiff is a private citizen, she cannot initiate criminal charges against anyone, and the criminal complaints also warrant dismissal.

Finally, Plaintiff filed fourteen documents that were docketed as letters, evidence, notices of filing, affidavits, and statements (DNs 6, 7, 8, 16, 20, 21, 22, 23, 24, 39, 40, 41, 43, and 44). Many of the documents show no relevance to this action or give any indication for what purpose they were filed. For example, she filed "Evidence" which consists of a coupon for Butterball turkey products (DN 6). In any event, the Court has reviewed each of these filings and finds that they do not state actionable claims or give any reason to conclude that this action should not be dismissed for the reasons stated herein.

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: May 19, 2018

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4415.010